(No. 43825.—

JAMES NICHOLS, Appellee, v. THE INDUSTRIAL COM-
MISSION, *et al.*—(NORMAN A. McMASTERS *et al.*,
Appellants.)

*Opinion filed September 30, 1971.*

VAN DUZER, GERSHON, JORDAN & PETERSEN,
and MEHLMAN, SPITZER, ADDIS, TICHO & SUSMAN,
both of Chicago, (JOHN B. VAN DUZER, HORACE W.
JORDAN, and JEROME D. SPITZER, of counsel,) for
appellants.

CAREY, FILTER & WHITE, of Chicago, (EDWARD
M. WHITE and EDMUND P. BOLAND, of counsel,) for
appellee.

MR. JUSTICE SCHAEFER delivered the opinion of
the court:

James Nichols, a professional jockey, was injured
when he was thrown from a horse during a race at the
Arlington Park Race Track. As a result of the accident he
suffered injuries to his back and left foot which necessi-
tated hospitalization for six days and lengthy medical
treatment. He filed with the Industrial Commission an
application for adjustment of claim which named as his
employers at the time of the accident the horse's trainer,
Norman A. McMasters, and its four owners, Tom Cook,
Jr., Max Clark, Clark Sample, Jr., and Tom Cook. An

arbitrator found "that the relationship of employee and employer did not exist" and therefore ordered the application dismissed and the claim for compensation denied. The Commission confirmed the arbitrator's decision.

On *certiorari* the circuit court held that the petitioner was an employee of the respondents, and not an independent contractor. It therefore remanded the cause to the Commission "to determine the nature and extent of petitioner's injuries and to render an award in favor of petitioner ***." The respondents have appealed directly to this court. They contend that the decision of the Commission was not contrary to the manifest weight of the evidence, and that the court therefore erred in setting it aside. We do not reach this contention, however, since we find that the order of the circuit court is interlocutory and not appealable.

"While the parties have raised no question as to jurisdiction, this court has consistently held that when the circuit court remands a compensation case to the Commission, the action of the court is interlocutory and not appealable." *Mayrath Co. v. Industrial Com. (1965), 33 Ill.2d 224, 225; Downey v. Industrial Com. (1969), 44 Ill.2d 28, 29; ACF Industries, Inc. v. Industrial Com. (1956), 8 Ill.2d 552, 554; Joyce Bros. Storage and Van Co. v. Industrial Com. (1948), 399 Ill. 456, 458; Dunavan v. Industrial Com. (1934), 355 Ill. 444, 446.*

The appeal is therefore dismissed for want of a final judgment.

*Appeal dismissed.*