THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HELEN FRANCIS QUINN, Defendant-Appellee.

(No. 12388; 

Fourth District—March 21, 1974.

*Rehearing denied April 22, 1974.*

Paul R. Welch, State's Attorney, of Bloomington (Michael Prall, of Circuit Attorney Project, of counsel), for the People.

No appearance for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was arrested and given a citation for driving under the influence of intoxicating liquor. At the police station she was informed of her "implied consent" to take breath analysis tests to determine the alcoholic content of her blood. (Ill. Rev. Stat., 1972 Supp., ch. 95½, par. 11—501.1) She refused to submit to such tests.

██ Upon notice from the clerk of the circuit court that her driver's license would be suspended unless a timely request for a hearing was made, defendant petitioned for and was granted a hearing on the matter of her license suspension. Such an "implied consent" hearing is limited to the issues of whether there was an arrest on reasonable grounds for driving while under the influence of intoxicating liquor, whether the person was properly informed of the consequences of refusing the tests, and whether the person so informed in fact refused to take the tests. Ill. Rev. Stat., 1972 Supp., ch. 95½, par. 11—501.1(d).

Following a hearing at which the State introduced evidence of the

elements relevant to such hearings, the trial court entered an "order" finding that defendant had not, as required by statute, been properly informed as to the consequences of her refusal to submit to the breath analysis tests. The order further provided: "The clerk shall notify the Secretary of State of these findings." No other order appears in the record on appeal, and there is no copy of the notice to the Secretary of State in the record. The State's Attorney filed notice of appeal from the above order.

■■ The implied consent law provides that where, as here, there has been an implied consent hearing:

> "Immediately upon the termination of the court proceedings, the Clerk shall notify the Secretary of State of the Court's decision." Ill. Rev. Stat., 1972 Supp., ch. 95½, par. 11—501.1(d).

The statute also requires that when there has been no hearing, the clerk shall so notify the Secretary of State when the time for filing a petition requesting an implied consent hearing (28 days) has elapsed. Thus, the statute clearly contemplates that final action in such cases shall be taken by the Secretary of State, whether or not there is an implied consent hearing in the circuit court.

Section 6—211(a) of the Illinois Vehicle Code provides:

> "The Secretary of State shall *administer* the provisions of this Chapter." (Emphasis supplied.)

Section 6—212 provides:

> "The provision of the 'Administrative Review Act' * * * shall apply to and govern all proceedings for the judicial review of final administrative decisions of the Secretary of State hereunder."

Section 2—118 provides for hearing subsequent to revocation or suspension of driving privileges, and that:

> "(e) The action of the Secretary of State in suspending [or] revoking * * * any registration, license or permit * * * shall be subject to * * * the 'Administrative Review Act' * * *."

It is clear that the suspension of driving privileges pursuant to the statutory scheme noted is an administrative proceeding and that the factual determination by the circuit court which is referred to the Secretary of State, if an order at all, is interlocutory and is not appealable in itself. *Downey v. Industrial Com.*, 44 Ill.2d 28, 29, 253 N.E.2d 371.

The appeal is therefore dismissed for want of a final judgment. *Nichols v. Industrial Com.*, 49 Ill.2d 431, 432, 274 N.E.2d 48.

Appeal dismissed.

SMITH, P. J., and CRAVEN, J., concur.