THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE DODD, Defendant-Appellant.

Second District   No. 76-110

Opinion filed August 16, 1977.

Benn E. G. Eilert and Robert J. Morrow, both of Geneva, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Phyllis J. Perko and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant appeals from the decision of the Circuit Court finding that there was compliance with the requisites of the implied consent act. Suspension of his driver's license followed a circuit court hearing held pursuant to the Illinois implied consent statute (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1). The trial court found that the officer who arrested defendant had reasonable grounds to believe that defendant was driving while under the influence of intoxicating liquor, that defendant was informed orally of his rights as provided by statute, and that, after being so advised, he refused to submit to and complete a breathalizer test. While the record does not reflect the fact, defendant acknowledges that his license was subsequently suspended by the Secretary of State's office.

On appeal defendant raises issues directed to the merits of the case. The People raise the additional issue that this court is without jurisdiction to consider defendant's appeal because the appeal is not taken from a final judgment of the circuit court. Finding this issue determinative we do not reach the issues raised by defendant.

Basically the People assert that this appeal, taken by defendant from the "findings" of the trial court as an appeal from a final judgment, is improperly taken; that appeal from a final judgment properly lies, rather, only from a decision of the Secretary of State under the Administrative Review Act; and that this court has no jurisdiction because this appeal is not properly taken as an interlocutory appeal. Defendant counters in his reply brief that the action of the trial court and the action of the Secretary of State taken pursuant to the statute are separate actions and that this appeal is properly taken, citing *City of Rockford v. Badell*, 33 Ill. App. 3d 427 (1975).

The implied consent statute (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1) provides that the arresting officer shall file with the clerk of the circuit

court a statement indicating that he had reasonable cause to believe a person driving a motor vehicle was driving under the influence of intoxicating liquor and that a person refused to submit to a test under the provisions of the statute. Thereupon the clerk is directed to notify the person in writing that his privilege to operate a motor vehicle will be suspended unless within 28 days he shall request a hearing. In this case defendant requested a hearing and a hearing was held. The trial court found that there was compliance with these statutory provisions. Under the statutory framework the following provisions were then invoked:

"Immediately upon the termination of the Court proceedings, the Clerk shall notify the Secretary of State of the Court's decision. The Secretary of State shall thereupon suspend the driver's license, the privilege of driving a motor vehicle on highways of this State given to a nonresident, or the privilege which an unlicensed person might have to obtain a license under the Driver's License Act, of the arrested person if that be the decision of the Court. If the Court recommends that such person be given a restricted driving permit to prevent undue hardship, the Clerk shall so report to the Secretary of State." (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1(d).)

A subsequent provision of the statute provides:

"If the person has had a Court hearing * * * and if the Court recommended that such person be given a restricted driver's permit to prevent undue hardship, this recommendation shall be made a part of the hearing before the Secretary of State." Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1(e).

Presumably the statutory provisions of section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1) contemplate that a hearing may be held, after the circuit court hearing in which the statutory findings are made, by the Secretary of State pursuant to section 2—118 of the Code (Ill. Rev. Stat. 1975, ch. 95½, par. 2—118). This section provides that upon suspension or other disposition of the issuance of a license the Secretary of State shall immediately notify a person whose license is suspended in writing and shall within 20 days of a written request by such person set a date for hearing[1] and afford the person an opportunity for a hearing. Section 2—118(c) states:

---

[1] In *Dixon v. Love*, ___ U.S. ___, 52 L. Ed. 2d 172, 97 S. Ct. 1723, 1727-28 (1977), the United States Supreme Court determined that the summary procedure set forth in section 6—206(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 6—206(a)) which permits a suspension or revocation of license prior to hearing upon the meeting of certain conditions, was not violative of due process where provision for hearing after suspension or revocation was made pursuant to the statutory scheme. No question of the applicability or constitutionality of the underlying discretionary suspension or revocation provisions of section 6—206 is raised in this case.

"Upon any such hearing, the Secretary of State shall either rescind or, good cause appearing therefor, continue, change or extend the Order of Revocation or Suspension, as the case may be." Ill. Rev. Stat. 1975, ch. 95½, par. 2—118(c).

In this case defendant has had a hearing before the trial court pursuant to section 11—501.1 and, apparently, as reported by defendant in his brief, suspension of his license has followed pursuant to that statute. No hearing before the Secretary of State has apparently been held pursuant to section 2—118 and an appeal is taken solely from the "findings" of the trial court made pursuant to section 11—501.1.

Cases in this jurisdiction have considered, in several contexts, the means of attaining judicial review of implied consent proceedings. In *People v. Quinn*, 17 Ill. App. 3d 1058, 1059 (1974), after holding an implied consent hearing the trial court found that defendant had not been properly informed of the consequences of her refusal to submit to a breath analysis test as required by the statute and ordered the clerk to notify the Secretary of State of these findings. The State's Attorney filed a notice of appeal. The Fourth District Appellate Court held that under such circumstances appeal was properly taken from a final judgment only under the Administrative Review Act, citing in particular sections 6—211(a), 6—212, and 2—118 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, pars. 6—211(a), 6—212, 2—118). The court dismissed the appeal for want of a final judgment, stating:

"It is clear that the suspension of driving privileges pursuant to the statutory scheme noted is an administrative proceeding and that the factual determination by the circuit court which is referred to the Secretary of State, if an order at all, is interlocutory and is not appealable in itself."

In *People v. Finley*, 21 Ill. App. 3d 335, 340-41 (1974), an interlocutory appeal was filed by defendant pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308). The appeal sought review of an order of the circuit court which struck defendant's jury demand together with defendant's subpoena for discovery deposition and interrogatories which were filed prior to an implied consent hearing under section 11—501.1(d). The ultimate conclusion reached by the court, as to the one issue raised, was that a jury trial was not required in an implied consent hearing. However, while no question was raised contesting the interlocutory nature of the appeal, the court in *dicta* stated:

"[In an implied consent hearing] [t]he finding of the court is not a final order but is an initial step in the administrative process of regulating a driver's license for refusal to submit to a breath test." (21 Ill. App. 3d 335, 341.)

The court also stated:

"In the 'implied consent' hearing, the court does not suspend the driver's license. The function of suspending a driver's license is vested solely with the Secretary of State. The purpose of the court proceeding is merely to comply with the due process clause to provide defendant with a forum and to afford him a meaningful hearing to determine if he refused to consent to a breath test after being lawfully arrested for driving while under the influence of intoxicating liquor." 21 Ill. App. 3d 335, 340.

In *City of Rockford v. Badell*, 33 Ill. App. 3d 427 (1975), which is cited by both parties to this appeal, this court considered circumstances where the trial court, as in *Quinn*, had concluded that a showing of the requisite conditions under the implied consent statute had not been made. The Secretary of State was therefore notified of the court's decision to such effect. The court pointed out that when the trial court made such a determination the proceedings were in fact terminated and the Secretary of State was not empowered thereafter to take further action. Noting this fact, we disagreed with the result reached in *Quinn* and held that the order of the circuit court, under such circumstances, was a final and reviewable order. See also *Village of Park Forest v. Angel*, 37 Ill. App. 3d 746, 751 (1976).

In this case the circumstances differ from the cited cases in that this appeal is not brought as from an interlocutory order (as in *Finley*) and is not taken from an order which has the effect of dismissing proceedings against defendant (as in *Quinn, City of Rockford*, and *Village of Park Forest*). Here the requisite findings have been made pursuant to section 11—501.1 and suspension by the Secretary of State pursuant to notification under that section has followed. Appeal from the findings of the trial court is taken as from a final judgment of the circuit court.

In our view the decision in *City of Rockford v. Badell* is sensible in that it recognizes the fact that the proceedings against a defendant are terminated by the conclusion of the trial court that the statutory prerequisites to further proceedings, certain findings pursuant to section 11—501.1(d) are not present. While this determination ought to be final and appealable, such a determination is not before us here. Suspension of defendant's license has in this case followed a trial court factual determination adverse to defendant.

As noted in *People v. Quinn*, the Illinois Vehicle Code provides for appeal from the Secretary of State's action in suspending a license by way of the Administrative Review Act. (See Ill. Rev. Stat. 1975, ch. 95½, pars. 6—211(a), 6—212, and 2—118.) When the implied consent statute (par. 11—501.1) and the statute providing for a hearing before the Secretary of

State upon suspension of license (par. 2—118) are considered together it is apparent that first a hearing is held in front of the circuit judge under the former statute and, if factual determination adverse to defendant is made, then a hearing is held under the latter statute before the Secretary of State. Given the factual setting in this case the determination of the trial court cannot be characterized as a final determination. It is but a condition precedent to further proceedings before the Secretary of State. We thus conclude that the findings of the trial court in this case are appealable only as an interlocutory order pursuant to Supreme Court Rule 308, noting that appeal was attained in such manner in *People v. Finley*, 21 Ill. App. 3d 335 (1974).

The finding of the trial court pursuant to the implied consent statute, in accordance with this view, is characterized as an interlocutory order. The finding in this case does not contain the prerequisite of appellate consideration as provided in Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308)—that is, the statement of the trial court that the order "involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." This and other requirements of Supreme Court Rule 308 are not met here. The appeal is therefore dismissed for lack of jurisdiction.

Appeal dismissed.

NASH and WOODWARD, JJ., concur.