(No. 51059.-)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. THOMAS G. MALLOY, Appellee.

*Opinion filed September 6, 1979.*

CLARK, J., took no part.
GOLDENHERSH, C.J., and MORAN, J., dissenting.

William J. Scott, Attorney General, of Springfield, and Paul L. Stone, State's Attorney, of Sullivan (Donald B. Mackay, Melbourne A. Noel, Jr., and Michael I. Santow, Assistant Attorneys General, of Chicago, of counsel), for the People.

Stephen R. Ryan, of Ryan & Cini, Ltd., of Mattoon, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from an order of the Appellate Court, Fourth District, dismissing an appeal by the State. The State had appealed to that court from the findings of the circuit court of Moultrie County entered in an implied-consent hearing. We have allowed the State's petition for leave to appeal under our Rule 315 (65 Ill. 2d R. 315) to review the appellate court's determination that the circuit court's entry of findings was not a final appealable order.

On December 9, 1977, defendant, Thomas G. Malloy, was arrested in Moultrie County and given a citation for driving while under the influence of alcohol in violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501(a)). The Code's so-called "implied-consent" law provides:

> "Any person who, after September 30, 1972, drives a motor vehicle anywhere within this State thereby consents, under the terms of this Section, to take and complete a test or chemical analysis of his breath to determine the alcoholic content of his blood when made

as an incident to and following his lawful arrest, evidenced by the issuance of a Uniform Traffic Ticket, for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal ordinance." (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501.1(a).)

Defendant refused to submit to breath analysis after being advised, as required by the Code, that such a refusal "may result in the suspension of his privilege to operate a motor vehicle" (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501.1(a)(2)).

Pursuant to another provision of the Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501.1(d)), the arresting officer notified the clerk of the circuit court of Moultrie County, the county in which the arrest was made, of defendant's refusal to submit to breath analysis. The clerk, as required, notified defendant in writing that his driving privileges would be suspended unless a hearing was requested in writing within 28 days. Under the same provision, defendant filed a timely request in the circuit court of Moultrie County, the county in which he was arrested, for such a hearing. The matters to be resolved at such a hearing are limited. The only issues for determination are "whether the person was placed under arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal ordinance, whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor, whether the person was informed orally and in writing as provided in Paragraph (a) that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test and whether, after being so advised, he refused to submit to and complete the test upon request of the officer." Ill. Rev. Stat. 1977, ch. 95½, par. 11—501.1(d).

At the hearing, the circuit court of Moultrie County

ruled that defendant had not been adequately advised of the consequences of a failure to submit to breath analysis. Defendant had been advised, in the language of the statute, that suspension "may result." Under a statutory obligation to do so (Ill. Rev. Stat. 1977, ch. 95½, par. 11–501.1(d)), the clerk of the court notified the Secretary of State of the court's decision.

The State appealed the decision to the appellate court, but the appeal was dismissed on the ground that the circuit court's entry of findings was not a final appealable order. The basis of the court's decision was *People v. Quinn* (1974), 17 Ill. App. 3d 1058, in which the court held that "the suspension of driving privileges pursuant to the statutory scheme noted is an administrative proceeding" (17 Ill. App. 3d 1058, 1059), that the circuit court's findings in an implied-consent hearing could only be reviewed after action by the Secretary of State upon those findings, and that an appeal from the Secretary's action is governed by the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*). In this court, the State questions the validity of the *Quinn* decision. It first contends that the circuit court's findings represent a final judgment appealable under Supreme Court Rule 301 (58 Ill. 2d R. 301) or Rule 304(a) (58 Ill. 2d R. 304(a)). Alternatively, the State contends that the circuit court's findings are appealable, even if considered interlocutory, under Rule 308 (58 Ill. 2d R. 308).

We agree with the State that the *Quinn* case is based on a misperception of the nature of implied-consent hearings. We accordingly reverse.

In our review of this case, practical considerations have led us to conclude that the circuit court's entry of findings in an implied-consent hearing is a final and appealable judgment. The circuit court's findings effectively dispose of a case, for the Secretary of State may not act in a manner inconsistent with those findings. In this

posture, the findings should be subject to direct judicial review. If the court finds in favor of the defendant, the Secretary can only close the file and order that no suspension will result. If the circuit court finds in favor of the State, "the Clerk shall notify the Secretary of State of the Court's decision. The Secretary of State shall thereupon suspend the driver's license *** of the arrested person if that be the decision of the Court. If the Court recommends that such person be given a restricted driving permit to prevent undue hardship, the Clerk shall so report to the Secretary of State." (Ill. Rev. Stat. 1977, ch. 95½, par. 11–501.1(d).) These proceedings before the Secretary are *pro forma* in nature, and we therefore do not believe that action by the Secretary must precede appellate review of the circuit court's findings. The Secretary retains the exclusive authority to suspend licenses, as he must (*People v. Farr* (1976), 63 Ill. 2d 209, 214). Appellate review of the circuit court's findings, however, may precede the exercise of that authority.

In addition to practical considerations, our decision is also based in large part on our concern for assuring some form of appellate review of the circuit court's findings. The statute involved here provides that implied-consent hearings are to proceed "in the same manner as other civil proceedings." (Ill. Rev. Stat. 1977, ch. 95½, par. 11–501.1(d).) The civil appeals rules of this court (58 Ill. 2d R. 301 *et seq.*) are thereby made applicable, and Rule 301 provides for an appeal as of right from a final judgment of the circuit court in all civil cases. The Constitution contains a similar guarantee (Ill. Const. 1970, art. VI, sec. 6). Because the findings of the circuit court represent a judicial rather than administrative determination, review of such findings would not be possible under the Administrative Review Act, the only other form of review arguably applicable. The action of the Secretary in suspending a license is reviewable under the Act, but that

form of review is applicable only to decisions of administrative agencies.

By our holding, we also avoid the possibility that one circuit court judge may be asked to review the decision of another circuit court judge, a form of review that this court has held improper (*People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 257). Under the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 2—118(e)) complaints for administrative review of the Secretary's decisions are to be filed in the circuit court. The situation may thereby be presented in which a circuit court judge is asked to review the findings of another circuit court judge entered in an implied-consent hearing. By holding that these findings may be reviewed directly, we avoid this possibility.

The judgment of the appellate court dismissing the State's appeal is reversed, and the cause is remanded to that court with directions to reinstate the appeal and to address the merits.

*Reversed and remanded,*
*with directions.*

MR. JUSTICE CLARK took no part in the consideration or decision of this case.

MR. CHIEF JUSTICE GOLDENHERSH, dissenting:

I dissent. An examination of the statutory scheme shows clearly that neither the Secretary of State nor the licensee should have any right of appeal from the decision of the circuit court in a proceeding under section 11—501.1(d) (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501.1(d)).

Section 11—501(c) (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501(c)) provides that the presence, at the time of the test, of stated percentages of alcohol in the individual's blood gives rise to certain presumptions concerning his

state of intoxication. Regardless of the presumption of sobriety or intoxication, the section contains no provision for revocation of the driver's license until after conviction (section 11—501(i)). Section 11—501.1(d) expressly provides that the only purpose of the hearing is to determine "whether the person was placed under arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal ordinance, whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor, whether the person was informed orally and in writing as provided in Paragraph (a) that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test and whether, after being so advised, he refused to submit to and complete the test upon request of the officer." The obvious purpose of the provision for suspension is to coerce submission to the test provided for in section 11—501(c), and the only effect of a finding adverse to the licensee in a proceeding brought under section 11—501.1(d) is that it permits summary revocation without awaiting conviction on the charge of driving while intoxicated.

Assuming suspension under section 11—501.1(d), a licensee is entitled to a prompt hearing (section 2—118), and absent a conviction for driving while intoxicated or sufficient evidence to sustain the finding that he had done so, the suspension would be terminated. It would appear that if there were sufficient evidence of intoxication to warrant prosecution of the charge, the criminal case should be disposed of long before the appeal process can be completed. Assuming that were not the case, section 6—205 of the Illinois Vehicle Code enumerates 14 situations in which the Secretary of State is required to revoke a driver's license, and section 6—206 vests him with discretionary authority to do so in 20 additional situa-

tions. (Ill. Rev. Stat. 1977, ch. 95½, pars. 6—205, 6—206.) It would not require much ingenuity to fit any factual situation which justified suspension of a license into one of the categories under which the Secretary of State is required, or has discretion, to suspend the license.

The appellate court has held that the licensee has no right of appeal from an adverse decision. (*People v. Dodd* (1977), 51 Ill. App. 3d 805; *People v. Kallem* (1979), 69 Ill. App. 3d 658.) The same rule should apply to the People.

MR. JUSTICE MORAN joins in this dissent.