THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TERRANCE R. LYDEN, Defendant-Appellee.

Second District    No. 80-941

Opinion filed June 19, 1981.

APPEAL from the Circuit Court of Jo Daviess County; the Hon. ERIC S. DeMAR, Judge, presiding.

John W. Cox, Jr., State's Attorney, of Galena (Charles R. Schumacher, Assistant State's Attorney, and Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

William A. Kelly, of Nack, Richardson & Kelly, of Galena, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was charged on August 31, 1980, in Jo Daviess County with the offense of driving under the influence of intoxicating liquor in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 1—100 *et seq.*). The arresting officer reported the defendant refused to submit to a breath test and, upon defendant's request, an implied consent hearing was held on October 28, 1980, pursuant to section 11—501.1 of the Illinois Vehicle Code. After hearing some testimony regarding undue hardship, the court later entered its decision that the defendant's driver's license would not be suspended.

The People's appeal, contending the court erred when it decided that defendant's driver's license not be suspended because all four findings required to be made by it during the implied consent hearing were in favor of the People. They assert the court was therefore compelled to notify the Secretary of State to suspend defendant's driving privileges, and that such suspension is mandatory after compliance with the statutory requirements of section 11—501.1. (*People v. Farr* (1976), 63 Ill. 2d 209.) The People also point out that the supreme court has decided that the People have a right to appeal the result of an implied consent hearing since the circuit court's findings "effectively dispose of a case, for the Secretary of State may not act in a manner inconsistent with those findings." (*People v. Malloy* (1979), 76 Ill. 2d 513, 518.) The People argue that the circuit court's authority in implied consent hearings is limited to a determination of the four factual issues set forth in the statute, and that the court's directive to the Secretary of State must be consistent with its factual findings.

The defendant counters with citation to *People v. Farr* also, noting that section 11—501.1 was unsuccessfully challenged in that case as being unconstitutional. The defendants there contended that the implied consent statute gave the judiciary the power to suspend a defendant's driver's license and that this violated the separation of powers doctrine of section 1 of article II of the 1970 Constitution. The *Farr* court rejected that contention, holding that the judiciary has neither the power to suspend drivers' licenses nor the discretion to determine whether such licenses

should be suspended. (*Farr*, at 214.) Section 11—501.1 requires that the court make four findings:

> "* * * [1] whether the person was placed under arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal ordinance, [2] whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor, [3] whether the person was informed orally and in writing as provided in Paragraph (a) that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test and [4] whether, after being so advised, he refused to submit to and complete the test upon request of the officer."

After the hearing, a preprinted form is sent to the Secretary of State which clearly shows the court's finding on each issue, as well as the court's "decision" that the defendant's license either be suspended or not, or the court's recommendation that the defendant be issued a restricted driving permit.

■■ Implied consent hearings are civil in nature (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d)), and an appeal as of right may be taken from the final judgment rendered therein. (Ill. Rev. Stat. 1979, ch. 110A, par. 301; *People v. Malloy* (1979), 76 Ill. 2d 513.) It is well settled, however, that before a court of review will reverse, prejudice must be shown clearly by the party asserting error. (*County of Cook v. Patka* (1980), 85 Ill. App. 3d 5.) Absent such a showing, a court of review will not assume prejudice. (*Kyowski v. Burns* (1979), 70 Ill. App. 3d 1009.) There is no doubt that if the court finds in the affirmative as to the four issues which must be determined, "[t]he statute is explicit that * * * the Secretary of State 'shall thereupon suspend' the license" (*Farr*, at 214) or, "If the court finds in favor of the defendant, the Secretary can only close the file and order that no suspension will result." (*People v. Malloy* (1979), 76 Ill. 2d 513, 519.) Further,

> "The fact * * * the court recommends that the affected driver 'be given a restricted driving permit to prevent undue hardship' is of no significance and serves neither to expand nor to restrict the discretionary powers conferred upon the Secretary of State * * *."
> (*People v. Farr* (1976), 63 Ill. 2d 209, 214-15.)

"The Secretary retains the exclusive authority to suspend licenses, * * *." *People v. Malloy* (1979), 76 Ill. 2d 513, 519.

■■ We believe the plain import of *Farr* and *Malloy* is that the dispositive portion of the circuit court's notice to the Secretary of State is the findings on the issues, and not the court's "decision" that the defendant's license be suspended or not, nor its "recommendation" of a restricted driving permit. Neither the court's decision nor its recommendation affects the

exclusive statutory authority of the Secretary of State in regard to licenses. Anything beyond the court's findings on the four issues set forth in the implied consent statute is superfluous and cannot be said to have prejudiced the People under the facts of the instant case. To be sure, the court's decision not to suspend is inconsistent with its findings, but the inconsistency is of no moment whatsoever, and no reversal is warranted.

The judgment of the circuit court of Jo Daviess County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and REINHARD, J., concur.