THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. STEFFANI T. VOIGT, Defendant-Appellee.

Third District   No. 3—84—0287

Opinion filed March 12, 1985.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

No brief filed for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Following an implied-consent hearing for the defendant, Steffani Voigt, the trial court ruled that the defendant's drivers license would not be suspended. The State appeals. We reverse.

We note initially that the defendant has not filed a brief on appeal. Consequently, we address the issues here under the provisions of

*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■ We note also that we do not have a verbatim transcript of the proceedings at the implied-consent hearing. Therefore, we base our review upon the proposed report of proceedings certified by the trial court under Supreme Court Rule 323(c) (87 Ill. 2d R. 323(c)).

At the defendant's implied-consent hearing the State presented one witness, police officer Michael Kumer. Officer Kumer testified that on August 21, 1983, after he observed the defendant's erratic driving and after the defendant attempted field sobriety tests, he arrested the defendant for driving while under the influence as defined by section 11—501 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501). Following her arrest, the defendant was transported to the East Peoria police department. At the police department, Officer Kumer informed the defendant that a refusal to submit to the breathalyzer test offered would result in a suspension of her drivers license. Kumer then asked the defendant if she wanted to take a breath test. The defendant responded that she would not take a test. At the close of Officer Kumer's testimony the State rested.

Following Kumer's testimony, the defendant moved for, and the court granted, judgment in the defendant's favor. In granting the defendant's motion, the court found that the defendant was arrested under section 11—501 of the Code for driving while intoxicated. The court also found that the arresting officer had reasonable grounds to believe that the defendant was driving a motor vehicle while under the influence of intoxicating liquor. Additionally, the court found that the defendant was not informed orally and in writing, as required by statute, that her drivers license would be suspended if she refused to complete the breath analysis requested. The court further found that the defendant was not properly requested to submit to the breath analysis. Lastly, the court found that the defendant did not refuse to submit to the breath analysis upon the request of the arresting officer.

On appeal, the State argues that the trial court's judgment, based on its ruling that the defendant did not refuse to submit to a breath analysis as contemplated by the Code, is against the manifest weight of the evidence. We agree.

■ An implied-consent proceeding is civil in nature. At such a proceeding the State has the burden of proving the issues by a preponderance of the evidence. Final judgment for the defendant is appealable by the State and will be reversed on appeal if contrary to the

manifest weight of the evidence. *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459.

Under section 11—501.1 of the Code, only three matters are at issue at an implied-consent hearing. Those matters are: (1) whether the defendant was lawfully arrested for an offense of driving or physically controlling a motor vehicle while under the influence of alcohol or other drugs; (2) whether the arresting officer had reasonable cause to believe the defendant was driving or in physical control of a motor vehicle while under the influence; and (3) whether the defendant refused to submit and complete a blood-alcohol test or tests upon request of a law enforcement officer. Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1.

Whether the defendant was informed that her privilege to drive would be suspended if she refused to submit to the blood-alcohol tests or tests requested is not an issue at an implied-consent hearing. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c); *People v. Honaker* (1984), 127 Ill. App. 3d 1036, 469 N.E.2d 1120.) Furthermore, subsequent to the January 1, 1982, effective date of Public Act 82—311's amendment to section 11—501.1 of the Code, there is no requirement that a person arrested for driving under the influence be informed in writing of the consequences of her refusal to submit to a blood-alcohol test. Compare Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(a).

■ We find that the trial court's finding that the defendant did not refuse a blood-alcohol test upon request of Officer Kumer, and its consequent judgment for the defendant, were contrary to the manifest weight of the evidence. The evidence is uncontroverted that Officer Kumer warned the defendant of the suspension consequences of one's failure to submit to a breathalyzer test. The evidence is also uncontroverted that Officer Kumer then asked the defendant if she wanted to take a breath test and that the defendant said she would not take a test. Every indication of the evidence is that the defendant knowingly refused to submit to a breathalyzer test after a proper request from a law enforcement officer.

Accordingly, the judgment of the circuit court of Tazewell County is hereby reversed. The cause is remanded to that court for further proceedings consistent with this decision.

Reversed and remanded.

STOUDER and BARRY, JJ., concur.