THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ROBERT H. HUTCHINSON, Defendant-Appellee.

First District (1st Division)   No. 84—2352

Opinion filed March 24, 1986.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and
Sharon Johnson Coleman, Assistant State's Attorneys, of counsel), for the
People.

John R. O'Brien, of Chicago, for appellee.

JUSTICE QUINLAN delivered the opinion of the court:
Defendant, Robert H. Hutchinson, was arrested for driving under
the influence of alcohol. After an implied-consent hearing, the trial
court found that because the State failed to prove that defendant
knowingly and intelligently refused to take the breathalyzer test,
there was "no probable cause" established. On appeal, the State con-
tends that the trial court's finding of no probable cause on the issue
of implied consent was erroneous.

The defendant, Robert H. Hutchinson, was involved in a traffic
accident in the early morning hours of May 27, 1984, with a Blue Is-
land police department squad car driven by Officer Gaurysiak. Officer
Hoglund who was dispatched to the accident, arrived at the scene
shortly after 2:30 a.m. and conversed with Gaurysiak. Gaurysiak in-
formed Hoglund that the squad car was struck by another vehicle

from which the defendant had exited. Gaurysiak also told him that the defendant attempted to kick his car, but instead, fell to the ground. He further stated that the defendant appeared to be intoxicated.

Hoglund subsequently had a conversation with Hutchinson, and during that conversation the defendant had a difficult time maintaining his balance and swayed back and forth. Hoglund detected a strong smell of alcohol on the defendant's breath. He placed the defendant under arrest and transported him to the police station, where he advised defendant of the *Miranda* warnings. Hoglund stated that he read the implied-consent warnings to Hutchinson from a sign posted in the station, and directed the defendant to read along with him. However, on cross-examination, Hoglund said that he could not recall the exact language of the sign. Thereafter, the defendant refused to take any tests and persisted in his assertion that the accident was the other officer's fault.

The defendant, Hutchinson, testified that Officer Hoglund had asked him to read the sign on the wall, but he denied that he was given any oral warnings or that he read anything. On cross-examination, Hutchinson admitted that he read the sign, told the officer that he understood his rights, although he claimed in the trial court he did not understand his rights, and informed the officer that he would not take the breathalyzer test.

After hearing arguments of counsel, the court held that although there was probable cause for the arresting officer to request the defendant to submit to a breathalyzer test, that there had not been an intelligent and knowing refusal to take the test on the part of the defendant because Officer Hoglund did not orally admonish the defendant concerning the consequences of his failing to take the test. The court, thereupon ruled that the State had not met its burden under section 11–501.1(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11–501.1(c)).

The State argues on appeal that the trial court's finding of no probable cause regarding the issue of implied consent relied upon factors not at issue in an implied-consent hearing, and thus, the court's finding was against the manifest weight of the evidence.

■■ Implied-consent hearings are civil proceedings in nature (*People v. Honaker* (1984), 127 Ill. App. 3d 1036, 469 N.E.2d 1120), at which the State has the burden to prove the issues but only by a preponderance of the evidence. (*People v. Voigt* (1985), 131 Ill. App. 3d 510, 475 N.E.2d 1104.) Whether the State met its burden of proof is usually a question of fact to be determined by the trial judge and court's decision will not be overturned unless the finding is palpably

against the manifest weight of the evidence. (*People v. Jacquith* (1984), 129 Ill. App. 3d 107, 472 N.E.2d 107.) However, the scope of an implied-consent hearing is limited by statute. *People v. Honaker* (1984), 127 Ill. App. 3d 1036, 1037, 469 N.E.2d 1120.

Section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1) provides in pertinent part:

> "(a) Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent, ***, to a chemical test or tests of blood, breath or urine for the purpose of determining the alcohol, other drug, or combination thereof content of such person's blood if arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for any offense as defined in Section 11—501 [driving while under the influence of alcohol, other drug, or combination thereof] or a similar provision of a local ordinance. ***
>
> ***
>
> (c) A person requested to submit to a test as provided above shall be warned by the law enforcement officer requesting the test that a refusal to submit to the test will result in suspension of such person's license to operate a motor vehicle for six (6) months for the first such arrest and refusal and a suspension of such privilege for 12 months for the second and each subsequent such arrest and refusal within 5 years. ***
>
> *** Whether the person was informed that such person's privilege to drive would be suspended if such person refused to submit to the test or tests shall not be an issue."

As the court, in *People v. Voigt* (1985), 131 Ill. App. 3d 510, 512, 475 N.E.2d 1104, stated, there are only three matters at issue at an implied-consent hearing: "(1) whether the defendant was lawfully arrested for an offense of driving or physically controlling a motor vehicle while under the influence of alcohol or other drugs; (2) whether the arresting officer had reasonable cause to believe the defendant was driving or in physical control of a motor vehicle while under the influence; and (3) whether the defendant refused to submit and complete a blood-alcohol test or tests upon request of a law enforcement officer."

The State, in *People v. Voigt,* as here, had argued that the trial court's ruling that the defendant had not refused to submit to a breath analysis as contemplated by the code was contrary to the manifest weight of the evidence. In holding that the ruling there was against the manifest weight of the evidence, the court stated:

"Whether the defendant was informed that her privilege to drive would be suspended if she refused to submit to the blood-alcohol tests or tests requested is not an issue at an implied-consent hearing." *People v. Voight* (1985), 131 Ill. App. 3d 510, 512, 475 N.E.2d 1104.

Again in *People v. Honaker* (1984), 127 Ill. App. 3d 1036, 469 N.E.2d 1120, the trial court had found that the State failed to meet its burden in an implied-consent hearing because the State did not prove that the defendant made a knowing and cognitive refusal to take the breathalyzer test. But, on appeal, that finding was also reversed, and the court held that due process did not require that the State prove that the defendant was warned of the consequences of refusing the breathalyzer. The court stated:

"We conclude that due process does not require that the State be required to prove in an implied consent hearing that the defendant was warned of the consequences of refusing the breathalyzer. Our legislature has by statute granted the driver the right to refuse to take the breathalyzer test. This is not constitutionally required. (See *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826.) Our legislature has also provided that a driver arrested for driving under the influence be read the implied consent law and has specifically stated that this warning is not an issue in an implied consent hearing. While we deem it highly advisable that the officer does warn the driver, it is not constitutionally mandated that this warning be established at the implied consent hearing." 127 Ill. App. 3d 1036, 1040, 469 N.E.2d 1120.

Thus, in view of the specific legislative amendment foreclosing consideration of the issue of whether the driver was in fact given his implied-consent warning and holding in *Honaker*, which we find persuasive, that such warning is not constitutionally mandated, we conclude that the trial court's ruling is against the manifest weight of the evidence. Officer Hoglund testified in court as to what Officer Gaurysiak had observed at the scene of the accident, *i.e.*, that the defendant exited his vehicle after the collision, attempted to kick his car, and fell to the ground. The arresting officer was able to observe the defendant's struggle to maintain his balance, his swaying back and forth, and the strong smell of alcohol on the defendant's breath. Officer Hoglund also testified that he read the implied-consent warning to the defendant while at the police station. The defendant, himself, on cross-examination said that he told the officer he understood the warning and admitted that he refused to take the test.

Consequently, when we consider the evidence introduced at

the implied-consent hearing, and the fact that whether or not the failure to give the breathalyzer warning is not an issue; in any event, it is clear that the State has met its burden of proof consistent with the requirements of the statute.

We, therefore, hold that the trial court's finding is against the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Cook County is reversed, and thus the cause is remanded for further proceedings.

Reversed and remanded.

BUCKLEY, P.J., and O'CONNOR, J., concur.