721 P.2d 149

**The STATE of Arizona, Petitioner/Appellant,**

v.

**The SUPERIOR COURT of PIMA COUNTY, the Honorable Norman S. Fenton, a judge thereof, Respondent/Appellee,**

**and**

**Mark J. GILLILAND, Real Party in Interest.**

**No. 2 CA-CIV 5626.**

Court of Appeals of Arizona, Division 2, Department A.

May 1, 1986.

Frederick S. Dean, Tucson City Atty. by R. William Call and Wendy A. Hernandez, Tucson, for petitioner/appellant.

Stephen Paul Barnard, Tucson, for real party in interest.

## OPINION

HATHAWAY, Chief Judge.

On September 16, 1984, appellee was arrested and charged with violating A.R.S. § 28–692(A), by driving under the influence of intoxicating alcohol or drugs. After appellee's arrest, the police requested that he take an intoxilyzer test. Appellee refused. The parties disagree as to the extent the police informed appellee about the implied consent law. It is clear, however, that he was not advised that his alleged refusal to take the breath test could be used as evidence against him in a trial.

Appellee's motion in limine in Tucson City Court to preclude the state from introducing evidence of his refusal to take the intoxilyzer test was granted. The state unsuccessfully challenged the ruling by a special action in Pima County Superior Court. This appeal followed.

■ The state raises one issue on appeal: Is evidence of a refusal to take an intoxilyzer test violative of a defendant's due process rights or right against self-incrimi-nation under either the state or federal constitutions? A.R.S. § 28–692(K), states:

"If a person under arrest refuses to submit to a test under the provisions of A.R.S. § 28–691, ... evidence of refusal is admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person was driving in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor...."

Appellee argues that presentation of such evidence in court violates his right against self-incrimination guaranteed by the Fifth Amendment of the United States Constitution and Art. 2, § 10 of the Arizona Constitution. While Art. 2, § 10 and the Fifth Amendment are worded slightly differently, Arizona courts have held that these provisions provide the same rights, and Art. 2, § 10 affords no more protection than the Fifth Amendment. *State v. White,* 102 Ariz. 162, 426 P.2d 796 (1967). See also, *State v. Fendler,* 127 Ariz. 464, 622 P.2d 23 (App.1980).

Both the Arizona Supreme Court and the United States Supreme Court have held that the admission in evidence of the fact that a defendant refused to take a blood alcohol test is not a violation of the right against self-incrimination since such refusal is not testimonial evidence. *South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); *Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971). Accordingly, A.R.S. § 28–692(K) withstands the constitutional challenge.

■ Appellee argues that because he was not warned of the possible use against him of his refusal to take the intoxilyzer test, his right against self-incrimination and due process rights are violated by its admission. The *Campbell* decision did not address this issue. The United States Supreme Court did in *Neville,* holding that due process rights were not violated by the failure to specifically warn against the pos-

sible use in evidence of the refusal to take the intoxilyzer test. The court stated:

"It is true the officers did not inform respondent of the further consequence that evidence of refusal could be used against him in court, but we think it unrealistic to say that the warnings given here implicitly assure a suspect that no consequences other than those mentioned will occur. Importantly, the warning that he could lose his driver's license made it clear that refusing the test was not a 'safe harbor,' free of adverse consequences.

While the state did not actually warn respondent that the test results could be used against him, we hold that such a failure to warn was not the sort of implicit promise to forego use of evidence that would unfairly 'trick' respondent if the evidence were later offered against him at trial. We therefore conclude that the use of evidence of refusal after these warnings comported with the fundamental fairness required by due process." 459 U.S. at 567, 103 S.Ct. at 924, (footnote omitted)

We agree with the Supreme Court and hold that the same rationale applies under Art. 2, § 10 of the Arizona Constitution.

By warning appellee that his license would be suspended for a year if he refused to take the test, the state in no way promised that the evidence would not be used in any other method. Because the evidence is non-testimonial, no statement in connection with the refusal being in issue, no warning, such as required by *Miranda v. State*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is necessary. The city magistrate erred in suppressing evidence of the fact that appellee refused to take the intoxilyzer test and the superior court abused its discretion in denying special action relief.

The judgment is reversed and the cause is remanded for further proceedings.

HOWARD, P.J., and FERNANDEZ, J., concur.