THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
LONNIE E. KIRBY, Defendant-Appellee.

Fourth District   No. 4—85—0848

Opinion filed July 10, 1986.

Ronald C. Dozier, State's Attorney, of Bloomington (Kenneth R. Boyle,
Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appel-

late Service Commission, of counsel), for the People.

Gary G. Johnson, of Normal, for appellee.

JUSTICE MORTHLAND delivered the opinion of the court:

On September 2, 1985, a McLean County sheriff's deputy arrested the defendant for driving a motorcycle while under the influence of alcohol. Following a hearing to determine whether the defendant's driver's license should be suspended for refusing to undergo a breath test for intoxication, the circuit court found for the defendant. The State appeals. We reverse.

The parties obtained a bystander's report of proceedings (87 Ill. 2d R. 323(c)), which summarizes the testimony at the implied-consent hearing. The record indicates that the defendant was found lying in a roadway near an overturned motorcycle shortly after he had borrowed the vehicle from a friend. McLean County sheriff's deputy Peter Buckley arrived at the scene while the defendant was being treated for cuts and a neck injury. Deputy Buckley later interviewed the defendant in the hospital emergency room. Buckley testified that the defendant smelled of alcohol, had bloodshot eyes, and that his speech was slurred. Buckley stated he believed the defendant was under the influence of alcohol. The officer arrested the defendant, read him the implied-consent warning, and requested the defendant to submit to a breath test for intoxication. At this point, Buckley testified, the defendant asked what would happen if he refused the breath test. After again hearing that refusal could result in a six-month license suspension, the defendant said he would not take the test.

The defendant also testified. He remembered consuming two beers prior to the accident, but stated he did not remember the accident or the two days subsequent.

The defendant's father testified that he had spoken with his son shortly after the latter was admitted to the emergency room. This witness testified that the defendant seemed unaware of what had happened. When he spoke with his son later, the father stated, the defendant did not remember speaking to his parents in the emergency room.

Based upon this testimony, the circuit court found that Deputy Buckley had no reasonable grounds for arresting the defendant and that the defendant had not refused to submit to a breath test. On appeal, the defendant concedes that reasonable grounds existed to arrest him for driving under the influence of alcohol. However, the defendant asserts, he was incoherent and thus unable to "refuse" the

breath test when Deputy Buckley made his request.

■ An implied-consent hearing is civil in nature and the State may appeal an adverse final judgment in the same manner as other civil proceedings. (*People v. Malloy* (1979), 76 Ill. 2d 513, 395 N.E.2d 381.) At an implied-consent hearing, the State must prove: (1) that the defendant was placed under arrest for driving under the influence; (2) that the arresting officer had reasonable grounds to believe the defendant was driving or in actual physical control of a motor vehicle while under the influence; and (3) that the defendant refused to submit to and complete the test for intoxication upon the officer's request. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c).) On appeal, we will overturn the trial court's findings only if they are contrary to the manifest weight of the evidence. *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459.

The sole issue before this court is whether the finding that the defendant did not "refuse" to submit to a breath test is against the manifest weight of the evidence. Section 11—501.1(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(a)) provides that a person operating a motor vehicle upon Illinois roads is deemed to have consented to testing for blood-alcohol content if arrested for driving under the influence of alcohol. The section then states that:

"Any person who is dead, unconscious or who is otherwise in a condition rendering such person incapable of refusal, shall be deemed not to have withdrawn the consent provided by paragraph (a) of this Section and the test or tests may be administered ***." Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(b).

The defendant argues that the statute expressly provides for testing those who are incapable of refusal. Thus, the argument goes, where a suspected drunk driver is dazed or disoriented, the trial court should determine whether a "meaningful refusal" to undergo blood-alcohol testing was possible. If a meaningful refusal did not occur, the defendant concludes, there is no "refusal" for the purpose of invoking the implied-consent law's sanctions.

■ We cannot accept the defendant's argument that a refusal to submit to a breath test for intoxication must, in essence, be "knowing." Such a requirement does not comport with either the legislative intent underlying the statute or the language used in section 11—501.1.

The legislature clearly intended the implied-consent statute to facilitate prosecution of intoxicated drivers. (*People v. Solzak* (1984), 126 Ill. App. 3d 119, 466 N.E.2d 1201.) The defendant's proposed statutory interpretation does not in any way advance this legislative

purpose. The absurdity of permitting persons to evade the statute's sanctions because they were too intoxicated to understand the ramifications of resisting the breath test is quite apparent. (126 Ill. App. 3d 119, 466 N.E.2d 1201.) Although the present defendant's alleged inability to make a "meaningful" refusal stems from his injuries rather than his apparent intoxication, the absurdity we would create by accepting his argument is not less real. For the statute to have any meaning, a police officer must be able to rely upon the objective fact of refusal without regard to a suspect's subjective intentions. Voluntary intoxication, or any other condition which might render a refusal "unknowing," cannot save a motorist from the consequences of refusing to be tested for intoxication.

Further supporting our conclusion, the language of section 11—501.1(b) does not create an exception for "unknowing" refusals to submit to a test for intoxication. We cannot read such an exception into the statute. Such a reading would frustrate the clear legislative intention to impose severe sanctions upon those who improperly refuse to submit to a breath test.

■ Similarly, we reject the defendant's contention that police officers must resort to nonconsensual testing if a suspect, under circumstances suggesting the refusal might not be "meaningful," refuses to be tested. Implicit in such a holding would be the suggestion that officers should ignore a suspect's stated refusal to submit to testing. This result is clearly contrary to the statutory direction that the suspect's refusal shall preempt any testing. Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c); *People v. Solzak* (1984), 126 Ill. App. 3d 119, 466 N.E.2d 1201.

■ In the instant case, Deputy Buckley testified that the defendant refused to submit to testing after being read the implied-consent warning. The defendant does not dispute that he refused to be tested, but asserts he cannot remember what happened. The only relevant evidence is the officer's unequivocal statement that the defendant refused to submit to a breath test; whether the defendant remembers his actions on the night in question is not an issue under the implied-consent statute. Accordingly, the circuit court's finding that the defendant did not refuse to take a breath test was against the manifest weight of the evidence.

Finally, the defendant's reliance upon the decision in *People v. Reynolds* (1985), 132 Ill. App. 3d 559, 478 N.E.2d 33, is misplaced. In *Reynolds*, the defendant asserted that, because of his asthma, he was unable to complete a breath test when requested by the arresting officer. By contrast, the present defendant does not claim he was unable

to perform the test, but simply that he does not remember refusing Deputy Buckley's request. Since the issue is not raised, we need not determine whether inability to complete the test constitutes a "refusal" under the implied-consent law.

We conclude that the circuit court findings that the defendant was arrested without reasonable grounds and that he did not refuse to submit to a breath test for intoxication are against the manifest weight of the evidence. Accordingly, we reverse the circuit court order and remand for further proceedings consistent with this opinion.

Reversed and remanded.

McCULLOUGH, P.J., and SPITZ, J., concur.