THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
PHYLLIS L. DOTY, Defendant-Appellee.

Fourth District   No. 4—87—0488

Opinion filed December 23, 1987.

Alan D. Tucker, State's Attorney, of Havana (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Officer, of counsel), for the People.

Ronald Hanna, of Peoria, for appellee.

JUSTICE LUND delivered the opinion of the court:

On April 17, 1987, Phyllis L. Doty was charged with driving under the influence of alcohol in violation of section 11—501(a) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501(a)). Her driver's license was summarily suspended pursuant to the provisions of section 11—501.1 of the Code. (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501.1.) The trial court granted defendant's motion to rescind her statutory suspension on July 7, 1987, finding no warning or request was given as required by section 11—501.1(c). (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501.1(c).) The State appeals. We reverse.

The record in this case does not contain a verbatim transcript of proceedings. The parties have obtained a bystander's report. (107 Ill. 2d R. 323(c).) That report summarizes the facts as follows: defendant testified she was driving her car in Havana, Illinois, early in the morning on April 17, 1987. At 1:43 a.m., she turned right onto Schrader Street from Market Street. She saw a Havana police car follow her, and she pumped her brakes for the next several blocks, as they had been repaired recently and she was attempting to "bleed" them. After six or seven blocks, she was stopped at the intersection of Schrader and Pearl. Officer Lance Marshall approached, inquired if defendant had car trouble, and asked defendant to exit her car. During the conversation that ensued, defendant told Marshall she was not under the influence and that she was not going to be arrested for DUI. He did not place her under arrest or tell her she was under ar-

rest. Officer Marshall told her to lock her car, which contained two occupants. She returned to her car, retrieved her purse, and walked from the scene to a nearby friend's or relative's house. She saw no police officers for several days thereafter.

Officer Lance Marshall of the Havána police department testified that he and Officer Rod Boggs were stopped at the intersection of Schrader and Market when Marshall observed defendant make a right turn, in which she nearly struck the squad car. He and Boggs turned around and saw defendant's car drive off the road several times. After stopping defendant at the intersection of Schrader and Pearl, Marshall asked defendant to exit her car. He asked defendant to perform field sobriety tests, but she refused, saying she had previously broken her leg and could not stand on one foot.

Marshall testified he told defendant to lock her car, although during the hearing he acknowledged there were occupants inside the car. Defendant went to her car, then ran from the scene despite Marshall's shouts for her to stop. Neither Marshall nor Boggs pursued defendant.

Marshall stated he was going to arrest the defendant, but after refreshing his recollection with a copy of his police report, he stated he had told defendant, "[Y]ou are under arrest." Marshall testified he had not completed the DUI procedure by issuing a warning or making a request to submit to testing. Testing was not mentioned during the conversation with defendant prior to her flight. He testified defendant was not free to leave. He stated he did not give defendant any warnings because she left before he could do so.

Officer Rod Boggs, the driver of the police car, corroborated Marshall's testimony relating to defendant's erratic driving. He stated defendant fled on foot toward the Mason County housing project. He did not hear Marshall shout at defendant to stop. Boggs stated he was an observer, not the primary arresting officer.

The trial court found that Marshall had probable cause to stop defendant and arrest her for driving under the influence. The court also found Marshall did place defendant under arrest, and that after her arrest, defendant left without the permission of the arresting officer or any other officer. Insofar as the credibility of the witnesses was concerned, the court believed the testimony of the officer. The court also found no implied-consent warnings were read to defendant, and she was not requested to take a chemical test.

The trial court adhered to a strict construction of the implied-consent statute and ruled since no warnings or requests were issued, the statutory requirements were not met. The court rescinded defendant's

statutory summary suspension. This appeal followed.

The State argues the purpose of the statutory summary suspension statute is frustrated by defendant's flight from the scene, and the suspension should not be rescinded because Officer Marshall had no opportunity to complete the statutory procedure. The defendant agrees with the strict interpretation of the Code made by the trial judge. We agree with the State's position.

Section 11—501.1(a) provides:

"(a) Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent, *** to a chemical test or tests *** for the purpose of determining the alcohol, other drug, or combination thereof content of such person's blood if arrested ***." Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501.1(a).

Section 11—501.1(c) states:

"(c) A person requested to submit to a test as provided above shall be warned by the law enforcement officer requesting the test that a refusal to submit to the test will result in the statutory summary suspension of such person's privilege to operate a motor vehicle as provided in Section 6—208.1 of this Code. The person shall also be warned by the law enforcement officer that if the person submits to the test or tests provided in paragraph (a) of this Section and the alcohol concentration in such person's blood or breath is 0.10 or greater, a statutory summary suspension of such person's privilege to operate a motor vehicle, as provided in Sections 6—208.1 and 11—501.1 of this Code will, be imposed." Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501.1(c).

■ The overall purpose of the legislature in enacting the summary suspension scheme was to protect those who travel on our highways and assist in the determination whether motor vehicle drivers suspected of intoxication are in fact under the influence of alcohol. (*Koss v. Slater* (1987), 116 Ill. 2d 389, 507 N.E.2d 826; *People v. Doyle* (1987), 159 Ill. App. 3d 689, 512 N.E.2d 798.) Illinois courts have consistently held that section 11—501.1 should be liberally construed to accomplish its purpose of protecting the citizens of Illinois upon the highways. *People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 503, 454 N.E.2d 1166, 1168.

■ The issue here is analogous to that raised in cases in which conduct has been held to constitute refusal under the statute. The courts have found an effective refusal to submit to testing, even in the absence of an express refusal, where the driver expressly con-

sents to the test but only feigns performance of the test (*People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459); where the driver is so intoxicated at the time he is requested to take the test that he later has no memory of the request (*People v. Solzak* (1984), 126 Ill. App. 3d 119, 466 N.E.2d 1201; *People v. Kirby* (1986), 145 Ill. App. 3d 144, 495 N.E.2d 656); where the driver is so intoxicated at the time he is requested to take the test that he cannot even comprehend the request (*People v. Carlyle* (1985), 130 Ill. App. 3d 205, 474 N.E.2d 9); and where the driver is so intoxicated he fails to properly take the test despite repeated attempts to do so (*People v. Doherty* (1986), 144 Ill. App. 3d 400, 494 N.E.2d 933).

■ Defendant stated she told Officer Marshall she was not under the influence and was not going to be arrested for DUI. Thus, defendant's own testimony indicates she knew why she had been stopped by Officer Marshall. She could reasonably be expected to know she was not free to leave as evidenced by her testimony that Officer Marshall requested her to lock her car. In this situation, defendant's departure prevented the officer from completing the statutory procedures.

To allow a defendant to circumvent the statute by fleeing the arresting officer would emasculate the purpose of the law. (See *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459.) The absurdity of permitting persons to evade the statute's sanctions in this manner is apparent. See *People v. Kirby* (1986), 145 Ill. App. 3d 144, 495 N.E.2d 656.

We hold that under the circumstances presented here, defendant's conduct constituted constructive refusal under the Code. Accordingly, we reverse the decision of the circuit court of Mason County.

Reversed.

KNECHT and SPITZ, JJ., concur.