*In re* SUMMARY SUSPENSION OF DRIVER'S LICENSE OF LESTER C. RAKERS (The People of the State of Illinois, Petitioner-Appellee, v. Lester C. Rakers, Respondent-Appellant).

Fifth District   No. 5—88—0041

Opinion filed August 14, 1989.

28

Dennis L. Koch, of Highland, for appellant.

Dick Allen, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Ellen Eder Irish, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

Respondent, Lester C. Rakers, appeals from an order of the circuit court of Madison County, entered December 10, 1987, which sustained the statutory summary suspension of his driving privileges for his refusal to submit to a chemical test of his breath following his arrest for driving under the influence of alcohol. We affirm.

At approximately 2:45 on the morning of November 8, 1987, respondent was arrested by City of Highland police officer, Tom Anglin, for driving under the influence of alcohol. Respondent was transported to the Highland police station, where he was asked by Officer Anglin to submit to a breathalyzer test. Respondent refused and, pursuant to section 11—501.1 of the Illinois Vehicle Code, the Illinois Secretary of State summarily suspended his driving privileges. Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1.

On November 16, 1987, respondent filed a petition for hearing pursuant to section 2—118.1 of the Illinois Vehicle Code requesting a judicial hearing on the four issues permitted by that section. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1.) Hearing was held on the petition on December 10, 1987. Immediately prior to the hearing, respondent waived hearing on the first two issues raised, leaving for determination only the issues of (1) whether respondent had been advised by the arresting officer that his driving privileges would be suspended if he refused to submit to and complete the test and whether he refused to submit to and complete the test, and (2) whether respondent was ad-

vised by the arresting officer that his driving privileges would be suspended if he submitted to a chemical test which showed an alcohol concentration of 0.10 or more and whether the test disclosed an alcohol concentration of 0.10 or more.

Officer Anglin testified that, after transporting respondent to the Highland police station, he asked respondent for his driver's license. Respondent stated that he did not have his driver's license, but produced an Illinois firearm owner's identification card. Respondent was informed that he was being arrested for driving under the influence of alcohol. Officer Anglin read to respondent a form entitled "Warning to Motorist," which informs the motorist that refusal to submit to a chemical test will result in the statutory summary suspension of his driving privileges for a specified period of time, and that if the motorist submits to the test and it shows an alcohol concentration of 0.10 or more, a statutory summary suspension of driving privileges for a specified period of time will be imposed. The warning further informs the motorist that if the arrest is for anything other than a first offense, the period of suspension will be longer. Officer Anglin inquired of respondent whether he understood the warning, and respondent stated that he did. Respondent then produced his driver's license, but refused to submit to a breathalyzer test.

Officer Anglin further testified that since January 1, 1986, he had made approximately 9 or 10 arrests for driving under the influence of alcohol. In each of those arrests, he had given the same warnings he gave to respondent.

Respondent testified that after he was transported to the Highland police station, he was asked to sit in a chair. Officer Anglin sat at a desk and began writing. Shortly thereafter, Anglin asked respondent to "come over and blow in the Breathalyzer." Respondent refused and Anglin said, "You know that's automatic suspension of your license if you don't blow it." Respondent stated that he understood but still refused to submit to the test. Anglin sat down and started writing again. When respondent left the police station after paying bail, he was given a written "Warning to Motorist" form.

At the close of evidence and argument, the trial court found the testimony of Officer Anglin to be more credible than that of respondent. The trial court found that respondent had been properly informed that his refusal to submit to the test would result in the statutory summary suspension of his driving privileges and sustained the suspension.

On December 17, 1987, respondent filed a motion to reconsider and vacate the judgment sustaining the suspension of his driving priv-

ileges. The motion also sought an immediate stay of the summary suspension. The motion was denied on December 17, 1987.

On December 28, 1987, respondent filed a notice of appeal and a motion to stay the suspension of his driving privileges pending appeal. The motion to stay pending appeal was granted by the circuit court of Madison County on January 21, 1988.

Respondent raises three issues on appeal: (1) whether the failure to give him a *written* warning that refusal to submit to a chemical test would result in suspension of his driving privileges violates due process, or alternatively, violates section 11—501.1(c) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(c)); (2) whether the provision in section 2—118.1(b) that the judicial hearing shall not stay the summary suspension violates the separation of powers doctrine (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)); and (3) whether section 11—501.1 is self-contradictory and void for vagueness (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1). We will address the arguments in the order presented.

■ Section 11—501.1(c) of the Illinois Vehicle Code requires that a person requested to submit to a chemical test be warned by the law enforcement officer requesting the test that a refusal to submit to the test will result in the statutory summary suspension of such person's driving privileges in accordance with section 6—208.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—208.1). Section 6—208.1 sets forth the periods of suspension. (Refusal to submit to the test results in a six-month suspension; test results showing an alcohol concentration of 0.10 or more results in a three-month suspension; for any person other than a first offender a 12-month suspension is imposed. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—208.1).) Section 11—501.1 does not set forth the form of the warning or require that it be in writing.

Respondent argues that, because of the complexity of the warning, including the various periods of suspension, due process requires that the warning be given in writing. This is especially so, respondent argues, because under the current statutory scheme, a prehearing suspension is permissible and possible.

■■ It is now well settled that the due process clause applies to the suspension of driving privileges as a driver's license is a protectable property interest. (*People v. Honaker* (1984), 127 Ill. App. 3d 1036, 1038, 469 N.E.2d 1120, 1122.) Thus, the statutory scheme for summary suspension of a driver's license must pass muster under the due process provisions of both the Illinois and United States Constitutions. (*People v. Farrell* (1987), 158 Ill. App. 3d 690, 692, 511 N.E.2d

265, 267.) In *Honaker*, the court held that any warning, whether oral or written, that a person's driving privileges will be suspended for failure to submit to a breathalyzer test is not constitutionally mandated, since under the Constitution, the person could be required to submit to the test without his consent. Our legislature has by statute granted the driver the right to refuse to take a breathalyzer test, but this right is not constitutionally required. Since a person does not have the constitutional right to refuse the test, due process does not require that the person be warned, either orally or in writing, of the consequences of his refusal. Because no warning is required by due process, it follows that a written warning is not required by due process prior to suspension of a person's driving privileges.

We do not think it matters that the statutory scheme at the time *Honaker* was decided provided for a hearing prior to suspension while the current statutory scheme may result in a post-suspension hearing. A presuspension hearing is not constitutionally mandated. (*Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612.) A driver is entitled to a prompt hearing within 30 days of request (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1), and this right is protected by due process. (*In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 922, 510 N.E.2d 614, 617.) This hearing may be either pre- or post-suspension, depending on when the driver requests a hearing. In the instant case, respondent actually received a presuspension hearing. The hearing was held December 10, 1987, only 32 days after his arrest. The oral warning given respondent was sufficient to satisfy due process.

■■ ■ Alternatively, respondent argues that this court should find as a matter of statutory interpretation that section 11—501.1(c) itself requires that the warning be given in writing. The plain language of the statute does not so require. It requires only that the driver "shall be warned." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(c).) Prior to amendment effective January 1, 1982, section 11—501.1 required that the warning be given both orally and in writing. Public Act 82—311 amended section 11—501.1 to its present form, which requires only a warning. We think this amendment indicates a legislative intent to delete the requirement of a written warning. When the legislature amends an act by deleting certain language, it is presumed that the legislature intended to change the law in that respect. (*Board of Trustees of Community College District No. 508 v. Burris* (1987), 118 Ill. 2d 465, 475, 515 N.E.2d 1244, 1249.) Furthermore, the amendment of an unambiguous statute, as here, indicates a purpose to change the law. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 563, 413

N.E.2d 416, 420.) Section 11—501.1 in its present form does not require a written warning. Furthermore, in *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 925, 510 N.E.2d 614, 619, the appellate court indicates, *albeit* in *dicta*, that section 11—501.1(c) is satisfied if the arresting officer reads the "Warning to Motorist" form to the driver.

■ The trial court found that Officer Anglin's testimony was credible. Officer Anglin testified that he orally warned respondent of the consequences of his refusal to submit to a breathalyzer and that respondent indicated he understood the warning. Thus, the purpose of the warning, to apprise the driver of the consequences of his refusal, was served. The requirements of section 11—501.1(c) were met and respondent has not been deprived of due process by the failure of Officer Anglin to give him a written warning.

The second argument advanced by respondent is that the following provision in section 2—118.1(b) of the Illinois Vehicle Code violates the separation of powers doctrine: "This judicial hearing, request or process shall not stay or delay the statutory summary suspension. Such hearings shall proceed in the court in the same manner as in other civil proceedings." (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) Respondent argues that this provision directly conflicts with section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203(b)), which provides that a motion filed in apt time after judgment in a nonjury case stays enforcement of the judgment, and Supreme Court Rule 305(b)(1), which provides for stay of a judgment pending appeal (107 Ill. 2d R. 305(b)(1)). He points out that the trial court denied his request for a stay of his suspension upon the filing of his motion to reconsider and vacate, but granted a stay of the suspension pending appeal.

■ The State argues that respondent has no standing to argue that section 2—118.1(b) violates the separation of powers doctrine because he has not shown that he was aggrieved by the operation of that section. The State argues that because respondent was granted a stay pending appeal, he was not prejudiced by the operation of section 2—118.1(b). We disagree. Respondent was arrested on November 8, 1987, and, presumably, was served with the notice of statutory summary suspension on that date. Pursuant to statute, the summary suspension takes effect on the 46th day following service of the notice. That date was December 24, 1987. Respondent's first motion to stay was filed and denied on December 17, 1987. The stay pending appeal was granted on January 21, 1988. It appears that respondent may have been aggrieved by the denial pursuant to section 2—118.1(b) of

his motion for stay on December 17, 1987. He therefore has standing to challenge its constitutionality. *People v. Esposito* (1988), 121 Ill. 2d 491, 512, 521 N.E.2d 873, 882.

■ In any event, we find no conflict between these three statutes, nor do we believe section 2—118.1(b) of the Illinois Vehicle Code violates the separation of powers doctrine. It has already been held that section 2—118.1(b) does not conflict with Supreme Court Rule 305(b)(1), and does not violate the separation of powers doctrine in that respect. (*In re Summary Suspension of Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614.) The question remains whether section 2—118.1(b) of the Illinois Vehicle Code conflicts with section 2—1203(b) of the Code of Civil Procedure and violates the separation of powers doctrine thereby.

■ Section 2—118.1(b) provides that the original implied consent hearing will not stay the statutory summary suspension. Section 2—1203(b) provides that a timely post-trial motion stays enforcement of the judgment, in this case the judgment of the circuit court sustaining the summary suspension. Unlike Supreme Court Rule 305(b)(1), which provides that the court may stay an administrative order pending appeal, section 2—1203(b) does not provide for a stay of the administrative suspension. The circuit court does not impose the suspension; the suspension is imposed by the Secretary of State. (See *Koss v. Slater* (1987), 116 Ill. 2d 389, 395, 507 N.E.2d 826, 829.) In fact, to construe section 2—1203(b) as staying the administrative suspension upon the filing of a post-trial motion might create a separation of powers problem. Statutes must be construed so as to affirm their constitutionality and validity. (*Trainor*, 156 Ill. App. 3d at 924, 510 N.E.2d at 619.) We find no conflict between section 2—118.1(b) of the Illinois Vehicle Code and section 2—1203(b) of the Code of Civil Procedure.

The final issue raised by respondent is that section 11—501.1 is self-contradictory and void for vagueness. Respondent argues that subparagraphs (e), (f—1) and (i) are contradictory in that paragraph (e) requires the Secretary of State to "enter" the statutory summary suspension, paragraph (f—1) requires the arresting officer to serve immediate notice of the suspension on the driver and the suspension shall take effect 46 days thereafter, while paragraph (i) provides that the Secretary of State shall confirm the suspension by mailing a notice to the driver and court unless the sworn report submitted by the arresting officer is defective by not containing sufficient information or having been completed in error. In that case, the confirmation shall not be mailed to the driver, but the sworn report shall be returned to the court and arresting officer. Respondent sets forth a variety of hy-

pothetical situations in which he argues the statute is ambiguous and vague.

■■■ ■ We find section 11—501.1 to be neither contradictory nor vague. Instead, we find the statutory scheme set forth therein to be internally consistent and clear.

Under section 11—501.1(f—1), the arresting officer provides a driver with notice that the statutory summary suspension will become effective on a certain date and that the driver may request a hearing. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(f—1).) The officer is merely providing a driver with notice of what the procedure entails. The officer does not, by giving this notice, suspend the driver's license. Only the Secretary of State may suspend the driver's privilege to drive, and that suspension is predicated upon receiving a proper report from the arresting officer.

When the Secretary of State's office receives a sworn report from an arresting officer, that office has a statutory duty to ensure the sworn report is in proper statutory form in order that a driver's license is not suspended on the basis of inadequate information. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(e).) The statutory language of subparagraph (e) provides that upon receipt of a sworn report, the Secretary of State "shall" enter the statutory summary suspension. The language of subparagraph (i) provides, "[h]owever, should the sworn report be defective by not containing sufficient information or be completed in error, the confirmation of the statutory summary suspension shall not be mailed to the person or entered to the record, instead the sworn report shall be forwarded to the court of venue with a copy returned to the issuing agency identifying any such defect." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(i).) Respondent argues that these two provisions are contradictory because the term "shall" in subparagraph (e) is mandatory, but the language of subparagraph (i) contradicts the mandate of subparagraph (e). While the term "shall" as used in subparagraph (e) has been held to be mandatory rather than permissive (*People v. Gerke* (1988), 123 Ill. 2d 85, 94, 525 N.E.2d 68, 72), that does not mean that it is without exception. The statute must be read and construed as a whole, and the entire statute should be construed to produce a harmonious whole. (*Stelzer v. Matthews Roofing Co.* (1986), 140 Ill. App. 3d 383, 385, 488 N.E.2d 1293, 1295, *aff'd* (1987), 117 Ill. 2d 186, 511 N.E.2d 421.) When read and construed in such a way, there is no contradiction between subparagraph (e) and subparagraph (i). The Secretary of State shall enter the summary suspension to the record unless the sworn report is defective by not containing sufficient information or is completed in error. Fur-

thermore the clerk at the Secretary of State's office who determines whether to enter the suspension to the record does not determine whether there was probable cause to arrest a driver for driving under the influence, but simply whether or not the sworn report contains sufficient information and is completed in error.

The respondent contends that the law enforcement officer who issues a notice of statutory summary suspension is acting on behalf of the Secretary of State without statutory authority to do so. The police officer is an agent of the State for the purpose of enforcing the State law as embodied in the Illinois Vehicle Code. The Secretary of State is also an agent of the State for the purpose of enforcing the Illinois Vehicle Code. The legislature, through the provision of the statute allowing police officers to serve notice of statutory summary suspension, has authorized a nonemployee of the Secretary of State's office to serve as an agent for the Secretary of State. The legislature has not vested the police officer with the power to suspend a motorist's license, but merely with the duty to serve notice of the potential suspension. The implementation of the statutory summary suspension rests with the Secretary of State's office, not with the notice-serving officer.

Where, as here, a due process vagueness challenge is raised and the first amendment is not involved, two requirements must be fulfilled. First, the statute must give a person of ordinary intelligence a reasonable opportunity to know what conduct is lawful or unlawful. Second, the statute must provide standards, so as to avoid arbitrary and discriminatory enforcement and application. (*People v. O'Donnell* (1987), 116 Ill. 2d 517, 522, 508 N.E.2d 1066, 1068.) Section 11—501.1 meets these requirements.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

LEWIS and CHAPMAN, JJ., concur.