THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DAVID W. MILLNER, Defendant-Appellee.

Fifth District   No. 5—89—0510

Opinion filed July 12, 1991.—Rehearing denied January 22, 1992.

Paul Hillis, Jr., State's Attorney, of Salem (Kenneth R. Boyle, Stephen
E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecu-
tor's Office, of counsel), for the People.

R. Edward Veltman, Jr., of Crain, Cooksey & Veltman, Ltd., of
Centralia, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Initially this case presents two jurisdictional issues that involve the Illinois Constitution and Supreme Court Rule 603 (134 Ill. 2d R. 603), and those issues must be addressed before this court rules on the substantive issue involving constitutional law. Those jurisdictional issues are: (1) whether the circuit court of Marion County ruled that section 11—501.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.2(c)) was invalid as applied to defendant because it deprived him of due process of law and violated his right against self-incrimination as secured by the Illinois Constitution; and (2) whether this case is directly reviewable by the Illinois Supreme Court under Rule 603 (134 Ill. 2d R. 603).

Defendant was arrested for driving under the influence of alcohol and was warned that refusal to take a breath test would result in summary suspension of his driver's license.

Defendant refused the test.

Section 11—501.2(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.2(c)) provides that evidence of the refusal to take the test is admissible in any civil or criminal case that arises out of acts committed while defendant was driving or in actual physical control of a motor vehicle.

Charged with driving under the influence, defendant filed a pretrial motion *in limine* asking the court to prohibit the State from using the refusal against him. He argued that, although he had been warned that refusal would result in suspension, he had not been warned that his refusal would be introduced into evidence against him at trial, and he relied on *State v. Denney* (1987), 130 N.H. 217, 536 A.2d 1242, and *State v. Neville* (S.D. 1984), 346 N.W. 2d 425 (overruled by *State v. Hoenscheid* (S.D. 1985), 374 N.W.2d 128). These cases are interpretations of State constitutions by courts of last resort, and each recognizes the freedom of a State to interpret its own constitution as guaranteeing a higher degree of personal freedom than that guaranteed by the United States Constitution, a concept that was present at the creation of the Union and repeatedly has been asserted by the United States Supreme Court. (See *Cooper v. California* (1967), 386 U.S. 58, 17 L. Ed. 2d 730, 87 S. Ct. 788.) As evidence of precedential authority for this case, each of these two cases ultimately involves the extent to which this State is wedded to the so-called "lockstep" method of analyzing provisions of the Illinois Constitution. In "lockstep" analysis, provisions in the Illinois Constitution are assigned meanings identical to corresponding provisions of the United States Constitution. This method of analysis the Illinois Su-

preme Court sometimes uses and other times discards. Compare *Rollins v. Ellwood* (1990), 141 Ill. 2d 244, 565 N.E.2d 1302, with *Fumarolo v. Chicago Board of Education* (1990), 142 Ill. 2d 54, 566 N.E.2d 1283.

In the case at bar, the circuit court prohibited the State *in limine* from introducing evidence of defendant's refusal, saying in its order:

"1. Article I, Section 10 of the Constitution of Illinois 1970 provides 'no person shall be compelled in a criminal case to give evidence against himself \* \* \*.'

2. Although the alcohol test results are physical evidence, the refusal to take the test is testimonial and not physical.

3. The public policy of Illinois is to encourage the taking of blood/alcohol tests by motorists and admonitions concerning consequences of refusal are consistent with that public policy.

4. The court finds *State v. Denney*, 536 A.2d 1242 and *State v. Neville*, 346 N.W.2d 425 persuasive.

5. Defendant in the immediate case was not clearly advised that his refusal to take the blood/alcohol test could be admitted in evidence against him at a criminal trial and the use of his refusal at trial under such circumstances would violate his due process rights and his right against self-incrimination."

The State appealed pursuant to Supreme Court Rule 604. (134 Ill. 2d R. 604(a)(1).) The rule allows the State to appeal an order that suppresses evidence and provides:

"In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." 134 Ill. 2d R. 604(a)(1).

■ Under the 1970 Illinois Constitution, the final authority to prescribe the scope of interlocutory appeals by the State in a criminal case rests exclusively with the supreme court (*People v. Taylor* (1971), 50 Ill. 2d 136, 139-40, 277 N.E.2d 878), and whether a particular order may be appealed depends solely upon its construction of Rule 604(a)(1).

■ The State can appeal the circuit court's order under Rule 604(a)(1), because: (1) that order excludes otherwise probative and admissible evidence; and (2) the State's Attorney has certified that the exclusion of evidence substantially impairs the State's ability to prosecute the case, the court thereby relying on the good-faith evaluation

by the prosecutor of the impact of this ruling upon the case, and relying as well upon the State's need to allocate heavily taxed resources as the only deterrent to a prosecutor's abuse of discretion. *People v. Young* (1980), 82 Ill. 2d 234, 247, 412 N.E.2d 501, 506; *People v. Wallace* (1982), 106 Ill. App. 3d 567, 435 N.E.2d 960.

█ The circuit court's order prohibited the State from introducing defendant's refusal even though section 11—501.2(c) provides that defendant's refusal is admissible. The explicit basis of that order is that admission of that evidence would have the effect of depriving defendant of due process of law and of his right not to incriminate himself as guaranteed by the Illinois Constitution. What is not explicit in the order is implied: that the statute, as applied, violates the Illinois Constitution. We feel, however, that on a matter this serious, the issue first should be framed explicitly, rather than by logical implication. We can remand for a particular purpose while retaining appellate jurisdiction under Supreme Court Rule 615(b). (134 Ill. 2d R. 615(b); *People v. Garrett* (1990), 139 Ill. 2d 189, 564 N.E.2d 784.) We, therefore, remand to the circuit court for its explicit ruling on whether section 11—501.2(c) violates the Illinois Constitution in that it deprives defendant: (1) of due process; or (2) of his right not to incriminate himself.

Remanded with directions.

GOLDENHERSH, J., concurs.

PRESIDING JUSTICE RARICK, dissenting:

Because I believe defendant was adequately advised that his refusal to take a blood-alcohol test would be admitted into evidence against him at a criminal trial, I must dissent. At the bottom of the standard "Warning to Motorist" was written in by hand an additional paragraph which read: "Evidence can be used for or against you in court." The text of the rest of the warning itself clarified what such "evidence" was. Taking the warning as a whole then, defendant was indeed advised that a refusal could be used against him. Moreover, due process does not require that an individual be warned, either orally or in writing, of the consequences of his refusal to take a blood-alcohol test as he does not have the constitutional right to refuse such a test. (See *In re Summary Suspension of Driver's License of Rakers* (1989), 187 Ill. App. 3d 27, 32, 542 N.E.2d 1311, 1314; see also *South Dakota v. Neville* (1983), 459 U.S. 553, 565, 74 L. Ed. 2d 748, 760, 103 S. Ct. 916, 923.) For these reasons, I respectfully dissent.