THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DAVID W. MILLNER, Defendant-Appellee.

Fifth District   No. 5—89—0510

Opinion filed June 7, 1993.

GOLDENHERSH, J., dissenting.

Paul Hillis, Jr., State's Attorney, of Salem (Kenneth R. Boyle, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

R. Edward Veltman, Jr., of Crain, Cooksey & Veltman, Ltd., of Centralia, for appellee.

JUSTICE RARICK delivered the opinion of the court:
This case began with the arrest of defendant, David W. Millner, in Marion County for driving under the influence of alcohol. At the time of his arrest, defendant was warned that refusal to take a breath test would result in summary suspension of his driver's license. Whether defendant was also warned that evidence of his refusal could be used against him is contested. Defendant refused the test. After being

charged with driving under the influence of alcohol, defendant filed a motion *in limine* to prevent the State from using evidence of his refusal to take the breathalyzer test, claiming he had not been warned such a refusal could be used against him. The trial court, finding defendant had not been warned that evidence of his refusal could be used against him, granted the motion *in limine*, ruling the use of such evidence by the State would violate defendant's due process rights as well as his right against self-incrimination. The State appealed this decision to our court. We remanded the case back to the trial court for the purpose of an explicit ruling on whether section 11—501.2(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.2(c)) violates our Illinois Constitution by depriving defendant of due process rights and his right not to incriminate himself. (*People v. Millner* (1991), 239 Ill. App. 3d 8.) The trial court, on remand, found the statute as applied to be constitutional and reaffirmed its position that the State was barred from using defendant's refusal to take the breath test. Defendant then filed a motion to supplement the record with the ruling of the circuit court per our opinion. Defendant's motion was granted. We now address the question whether evidentiary use of a defendant's refusal to submit to a breath test deprives that defendant of due process of law or of his right not to incriminate himself as guaranteed by the Illinois Constitution.

■ We initially note defendant has conceded that the admission into evidence of a person's refusal to submit to a breath test does not offend the Illinois Constitution's prohibition against compelled self-incrimination. (See *People v. Rolfingsmeyer* (1984), 101 Ill. 2d 137, 141-42, 461 N.E.2d 410, 412; see also *South Dakota v. Neville* (1983), 459 U.S. 553, 74 L. Ed. 2d 748, 103 S. Ct. 916.) Consequently, we need not address this aspect further, other than to say the trial court erred in ruling to the contrary.

Turning to the other contention on appeal, in accordance with our supreme court's recent decision in *People v. Wegielnik* (1992), 152 Ill. 2d 418, 605 N.E.2d 487, we further hold that the evidentiary use of a defendant's refusal to take a breath test also does not deprive that defendant of due process under the Illinois Constitution. The trial court therefore erred in granting defendant's motion *in limine* in this instance.

■ It is true that a driver's license is a protectable property interest and that the due process clause applies to the suspension of driving privileges. (*In re Summary Suspension of Driver's License of Rakers* (1989), 187 Ill. App. 3d 27, 31, 542 N.E.2d 1311, 1314; *People v. Honaker* (1984), 127 Ill. App. 3d 1036, 1038, 469 N.E.2d 1120,

1122.) Because a person can be required to submit to a breath test without his consent, however, a warning that a person's driving privileges will be suspended for failure to submit to the test is not constitutionally mandated. (*Rakers*, 187 Ill. App. 3d at 32, 542 N.E.2d at 1314; *Honaker*, 127 Ill. App. 3d at 1039, 469 N.E.2d at 1123.) Simply because our legislature has by statute granted a driver the right to refuse to take a breath test does not mean this "right" is constitutionally mandated. (*Wegielnik*, 152 Ill. 2d at 427-28, 605 N.E.2d at 491; *Rakers*, 187 Ill. App. 3d at 32, 542 N.E.2d at 1314.) A defendant's statutory right to refuse to take such a test is "simply a matter of grace." (*Wegielnik*, 152 Ill. 2d at 428, 605 N.E.2d at 491.) Consequently, due process does not require that the person be warned, either orally or in writing, of the consequences of his refusal. (*Wegielnik*, 152 Ill. 2d at 428, 605 N.E.2d at 491; *Rakers*, 187 Ill. App. 3d at 32, 542 N.E.2d at 1314; *Honaker*, 127 Ill. App. 3d at 1039, 469 N.E.2d at 1123.) More specifically, due process does not require that a defendant be informed his refusal to submit to a breath test could be used against him at trial. (See *People v. Thomas* (1990), 200 Ill. App. 3d 268, 283, 558 N.E.2d 656, 667; see also *State v. Superior Court* (Ariz. App. 1986), 149 Ariz. 601, 721 P.2d 149.) Therefore, even if we were to agree with the trial court that defendant here had not been warned his refusal could be used against him, we still would reach the same result that the trial court erred in granting defendant's motion *in limine* on the grounds of due process.

For the aforementioned reasons, we reverse the order of the circuit court of Marion County granting defendant's motion *in limine*. We therefore remand this cause for further proceedings.

*Reversed and remanded.*

CHAPMAN, P.J., concurs.

JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent. Nearly all of the authorities cited by the majority, with the exception of *People v. Thomas* (1990), 200 Ill. App. 3d 268, 558 N.E.2d 656, deal with the suspension of one's driving privileges, not with the admission into evidence of the refusal by a motorist to take the breath test. This is true also of *People v. Wegielnik* (1992), 152 Ill. 2d 418, 605 N.E.2d 487. A close reading of this latest pronouncement by our supreme court actually provides support for the trial court's decision. For example, the court states:

"For the reasons set forth below, we find that the implied-consent statute requires only that the summary suspension warnings be given in order for motorists suspected of drunken driving to have been properly warned. The statute does not require that a motorist understand the consequences of refusing to take a blood-alcohol test before the State may summarily suspend his or her driver's license for failure to take the test." (152 Ill. 2d at 424, 605 N.E.2d at 489-90.)

The court further states:

"The threat of summary suspension for refusing to take a blood-alcohol test motivates drivers to take the test, thereby allowing the State to obtain objective evidence of intoxication. [Citation.] *For this reason, it is in the State's best interest for law enforcement officials to fully explain the consequences of refusal.*" (Emphasis added.) (152 Ill. 2d at 425, 605 N.E.2d at 490.)

Our supreme court then proceeded to explain that a motorist need not understand the consequences of refusal to take the test before the State may summarily suspend the driver's license, and the court noted:

"Although Illinois courts have not previously confronted this precise issue, they have, under somewhat similar circumstances, consistently held that a defendant need not understand the consequences of refusing to take a blood-alcohol test before the State may summarily suspend his or her driver's license. (See, *e.g., People v. Kirby* (1986), 145 Ill. App. 3d 144, 146-47[, 495 N.E.2d 656, 658]; *People v. Carlyle* (1985), 130 Ill. App. 3d 205, 211[, 474 N.E.2d 9, 12].) Refusals to take such tests are valid even where drivers are so intoxicated or disoriented because of injuries that they later have no memory of the statutory warnings. *People v. Goodman* (1988), 173 Ill. App. 3d 559, 561[, 527 N.E.2d 1055, 1057-58], *People v. Solzak* (1984) 126 Ill. App. 3d 119, 123[, 466 N.E.2d 1201, 1204]." (152 Ill. 2d at 426, 605 N.E.2d at 490.)

The focus of our supreme court's opinion in *Wegielnik*, in considering the statute and due process, was the suspension of a motorist's driving privileges resulting from a refusal to take the test.

One authority supporting admissibility of that refusal is *People v. Thomas* (1990), 200 Ill. App. 3d 268, 558 N.E.2d 656, cited with approval by the majority. The *Thomas* court cited and refused to follow the earlier case of *People v. Naseef* (1984), 127 Ill. App. 3d 70, 468 N.E.2d 466, in which our colleagues in the third district affirmed an

order refusing admission into evidence of a motorist's refusal to take the breath test when that motorist later took the breath test. The *Naseef* court stated the General Assembly's intent was to promote the use of the test, which intent was furthered by the trial court. Our colleagues in the second district in *People v. Thomas* did allow the admission into evidence of an initial refusal to take the breath test followed by a change of mind and taking of the test. In my view, the treatment of this question in *Naseef* is much better reasoned and should be followed by this court, rather than the opinion in *Thomas*; neither *Naseef* nor *Thomas* directly deals with the question before this court, which is whether a refusal to take a breath test by a motorist may be admitted in evidence against that motorist consistent with the Illinois Constitution's due process clause when the motorist was not warned of this consequence of his refusal to take the test—regardless of what, if anything, transpired concerning a suspension of that motorist's driving privileges.

The majority opinion also raises another question, but does not answer it. I agree with the majority that a driver's license is a protectable property interest and that due process applies to the suspension of driving privileges. Given that those driving privileges are a protectable property interest, would not due process guaranteed by the Illinois Constitution support a bar to evidence of actions, such as refusal to take a breath test, that would impair that protectable property interest, if the motorist had not been warned that the refusal would be admissible and could be used to impair that protectable property interest in a court of law, not just an administrative procedure?

For the foregoing reasons, I would affirm the order of the circuit court of Marion County that granted defendant's motion *in limine*.