THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BRIAN D. BELL, Defendant-Appellee.

Third District    Nos. 3—93—0653 through 3—93—0655 cons.

Opinion filed May 10, 1994.

Michael J. Herr, State's Attorney, of Aledo (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

David E. Zwicker, of Aledo, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Brian D. Bell, was charged with driving under the influence of alcohol, failure to signal when required, disobeying a stop sign and failure to have insurance. The defendant pled guilty to the insurance offense. Prior to trial on the other charges, the defendant filed a motion *in limine* seeking to prohibit the State from introducing evidence that he had refused to take a blood-alcohol test. Following a hearing, the circuit court granted the defendant's motion. The State appeals.

At the hearing on the defendant's motion, it was undisputed that the defendant was asked to take a blood-alcohol test and was warned that the failure to take the test would result in the summary suspension of his driver's license. It was further agreed that *Miranda* warnings were not given to the defendant prior to his being asked to take the blood-alcohol test.

The State argued that the defendant's refusal to take the test was admissible despite the lack of any warning that the refusal could

be used against him. Nevertheless, the circuit court granted the defendant's motion and suppressed, under *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, the defendant's refusal to take the requested blood-alcohol test. In so ruling, the circuit court expressly relied on *People v. Millner* (1991), 239 Ill. App. 3d 8, 607 N.E.2d 560 *(Millner I)*.

The sole issue on appeal is whether the circuit court, in relying on *Millner I* and *Miranda*, properly granted the defendant's motion to suppress.

We begin by noting that following a remand to the circuit court, *Millner I* was subsequently reheard by the appellate court *(People v. Millner* (1993), 245 Ill. App. 3d 597, 615 N.E.2d 56 *(Millner II)).* In *Millner II*, the court concluded that evidence of a defendant's refusal to take a blood-alcohol test may be admitted at trial without offending due process or the prohibition against compelled self-incrimination.

We find that the circuit court erred in relying on *Millner I*. *Millner I* did *not* address whether a defendant's refusal to submit to a blood-alcohol test should be excluded in the absence of prior *Miranda* warnings. In fact, *Miranda* is never even mentioned in *Millner I*, and it is unclear at what point, if ever, *Miranda* warnings were given to the defendant. Moreover, even if *Millner I* were to have involved *Miranda*, the holding in *Millner II* would have superseded the holding of *Millner I*.

Instead of relying on *Millner I*, the circuit court should have followed the reasoning set forth in *South Dakota v. Neville* (1983), 459 U.S. 553, 74 L. Ed. 2d 748, 103 S. Ct. 916. We recognize that *Neville* is not directly on point since the defendant in that case was apprised of his *Miranda* rights prior to his refusing to take a blood-alcohol test. Nevertheless, in *Neville* the Supreme Court did state that police inquiry into whether a suspect would submit to a blood-alcohol test was not interrogation within the meaning of *Miranda*. Thus, a refusal to submit to such tests enjoyed "no prophylactic *Miranda* protection outside the basic Fifth Amendment protection." *South Dakota v. Neville* (1983), 459 U.S. 553, 564 n.15, 74 L. Ed. 2d 748, 759 n.15, 103 S. Ct. 916, 923 n.15.

Subsequently, this reasoning was adopted in Illinois cases which held that a defendant's refusal to submit to a blood-alcohol test is admissible even in the absence of *Miranda* warnings. *(People v. Thomas* (1990), 199 Ill. App. 3d 79, 556 N.E.2d 1245; *People v. Bugbee* (1990), 201 Ill. App. 3d 952, 559 N.E.2d 554; *People v. Thomas* (1990), 200 Ill. App. 3d 268, 558 N.E.2d 656; see also *People v. Roberts* (1983), 115 Ill. App. 3d 384, 450 N.E.2d 451 (holding that the use of a defendant's refusal to submit to a blood-alcohol test *after Miranda*

warnings were issued did not violate a defendant's privilege against self-incrimination under *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240).) Based on these cases, we find that the trial court erred in suppressing the defendant's refusal.

For the reasons set forth above, the judgment of the circuit court of Mercer County is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

SLATER, P.J., and STOUDER, J., concur.